**Electronically Filed
Intermediate Court of Appeals
CAAP-11-0000389
22-JUN-2012
10:03 AM**

CAAP. NO. 11-0000389

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
THOMAS J. MCCARTHY, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
EWA DIVISION
(CASE NO. 1DTA-10-05369)

SUMMARY DISPOSITION ORDER
(By:  Foley, Presiding Judge, Leonard and Ginoza, JJ.)

Defendant-Appellant Thomas J. McCarthy (**McCarthy**) appeals from the Notice of Entry of Judgment and/or Order and/or Plea/Judgment (**Judgment**) entered on April 12, 2011, in the Ewa Division of the District Court of the First Circuit (**District Court**).[1/]

McCarthy was convicted of Operating a Vehicle Under the Influence of an Intoxicant (**OVUII**), in violation of Hawaii Revised Statutes (**HRS**) §§ 291E-61(a)(1) and (a)(3) (Supp. 2010).

On appeal, McCarthy contends that the District Court erred when it denied his motion to dismiss the OVUII charge in the complaint against him because it failed to allege the requisite *mens rea* and, therefore, erred when it convicted him based on stipulated facts.

---

[1/]    The Honorable David Lo presided.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve McCarthy's point of error as follows:

In State v. Nesmith, ___ Hawai'i ___, 276 P.3d 617 (2012), the Hawai'i Supreme Court held that: (1) *mens rea* must be alleged in a charge asserting a violation of HRS § 291E-61(a)(1) in order to provide fair notice of the nature and cause of the accusation; and (2) *mens rea* need not be alleged (or proven) in a charge asserting a violation of HRS § 291E-61(a)(3).

Thus, McCarthy's HRS § 291E-61(a)(1) charge was deficient for failing to allege *mens rea*.

However, the District Court adjudged McCarthy guilty of violating both HRS §§ 291E-61(a)(1) and (a)(3). Subsections (a)(1) and (a)(3) can each serve as a basis for conviction under HRS § 291E-61. Nesmith, ___ Hawai'i at ___, 276 P.3d at ___. Given that the HRS § 291E-61(a)(3) charge was sufficient, and McCarthy does not challenge the sufficiency of the evidence related thereto, his conviction stands.

For these reasons, the District Court's April 12, 2011 Judgment is affirmed.

DATED: Honolulu, Hawai'i, June 22, 2012.

On the briefs:

Timothy I. Mac Master
for Defendant-Appellant

Brandon H. Ito
Deputy Prosecuting Attorney
City and County of Honolulu
for Plaintiff-Appellee

Presiding Judge

Associate Judge

Associate Judge